**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Charles Nelson, | No. CV-21-00040-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Scott Charles Nelson's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") (Doc. 16) issued by United States Magistrate Judge John Z. Boyle.  Following a thorough analysis, Magistrate Judge Boyle recommended denial of and dismissal with prejudice of the Petition. (Doc. 16).  No objections have been filed.

**I.   Background**

Petitioner advances three grounds for relief in his Petition.  First, he contends Respondents are violating his Eighth Amendment right to be free from cruel and unusual punishment by "continuing to confine him in conditions that exposed him to and caused him to contract COVID-19, which could prove deadly due to his multiple comorbidities." (Doc. 1 at 14).  Second, he claims his right to due process is being denied because by Respondents are aware of Petitioner's comorbidities and have "failed to take reasonable steps" to protect him from exposure to COVID-19. (*Id.* at 15).  Finally, Petitioner asserts that Respondents are violating the Americans with Disability Act ("ADA") by failing to

provide him with reasonable accommodations. (*Id.* at 16). Petitioner states that he is very ill and an examining physician believes it is unlikely he will survive his seven-and-half year term of imprisonment, even without exposure to COVID-19. (*Id.* at 2). He therefore seeks immediate release.

In reviewing his Petition, Magistrate Judge Boyle first notes that to the extent Petitioner is challenging the conditions of his incarceration, his suit should be brought as a §1983 claim, not under the federal habeas statute. He further finds that Petitioner's Ground Three claim, alleging a violation of the ADA, is not cognizable in federal habeas. Assuming, without finding, that Petitioner's Eighth Amendment and due process claims are cognizable, Magistrate Judge Boyle nonetheless finds that Petitioner is not entitled to relief because he has not exhausted the claims in Grounds One and Two in state court. He thus recommends that the Petition and the claims therein be denied and dismissed with prejudice. He further recommends that the Court deny a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not find the substantive ruling debatable.

**II.    Standard of Review**

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); see also *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo*

review of a R&R is only required when an objection is made to the R&R"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

**III.   Analysis**

Judge Boyle advised the parties that they had fourteen days to file objections and that the failure to timely do so "may result in the acceptance of the Report and Recommendation by the district court without further review." (Doc. 16 at 8) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). Over fourteen days have passed and neither party has filed an objection.

Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas*, 474 U.S. at 149 (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed Judge Boyle's comprehensive and well-reasoned R&R and agrees with its findings and recommendations. The Court will, therefore, accept and adopt the R&R and dismiss the Petition. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Boyle's Report and Recommendation (Doc. 16) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not find the substantive ruling debatable.

    **IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

    Dated this 20th day of May, 2021.

Honorable Diane J. Humetewa
United States District Judge